In re:     Case No. 25-10849-skk

Beta Drive Hotel Group LLC     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0647-1     User: mrive     Page 1 of 2
Date Rcvd: May 28, 2025     Form ID: pdf755     Total Noticed: 5

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 30, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Beta Drive Hotel Group LLC, 700 Beta Dr, Mayfield Village, OH 44143-2377 |
| aty | + | Frederic P Schwieg, Attorney at Law, 19885 Detroit Rd #239, Rocky River, OH 44116-1815 |
| cr | + | HLT Existing Franchise Holding LLC, Attn.: Daniel M. Eliades, Esq., One Newark Center, 10the Floor, Newark, NJ 07102 UNITED STATES 07102-5237 |
| cr | + | PSOF NP Cleveland, LLC, 3500 Lenox Rd., Suite 625, Atlanta, GA 30326-4232 |

TOTAL: 4

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| cr | + | Email/Text: Bankruptcy.notices@tax.state.oh.us | May 28 2025 20:44:00 | Ohio Department of Taxation, PO Box 530, Columbus, OH 43216-0530 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| acc | | Boytan & Associates, LLP |
| cr | | Mayfield Village |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 30, 2025     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 28, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Daniel M. Eliades | |

| | |
|---|---|
| | on behalf of Creditor HLT Existing Franchise Holding LLC daniel.eliades@klgates.com |
| David S. Catuogno | |
| | on behalf of Creditor HLT Existing Franchise Holding LLC david.catuogno@klgates.com |
| Diane A. Calta | |
| | on behalf of Creditor Mayfield Village dcalta@mggmlpa.com |
| Frederic P. Schwieg | |
| | on behalf of Debtor Beta Drive Hotel Group LLC fschwieg@schwieglaw.com |
| Frederic P. Schwieg | |
| | on behalf of Attorney Frederic P Schwieg fschwieg@schwieglaw.com |
| Kate M. Bradley ust44 | |
| | on behalf of U.S. Trustee United States Trustee kate.m.bradley@usdoj.gov |
| Lauren Schoenewald ust47 | |
| | on behalf of U.S. Trustee United States Trustee lauren.schoenewald@usdoj.gov |
| Robert C. Folland | |
| | on behalf of Creditor PSOF NP Cleveland LLC Rob.Folland@btlaw.com, rcfolland@gmail.com;theresa.griffith@btlaw.com |

TOTAL: 8

IT IS SO ORDERED.

Dated: 28 May, 2025 03:16 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 25-10849 |
| | ) | |
| BETA DRIVE HOTEL GROUP, LLC., | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |

**Contested Matter Scheduling Order and Order to Show Cause Why the Case Should Not Be Dismissed if New Counsel Is Not Retained by June 11, 2025 at 11:00 a.m.**

This cause is before the Court on the Emergency Motion to Appoint Trustee Filed by Creditor PSOF NP Cleveland, LLC ("Motion to Appoint Trustee") (ECF No. 77).

IT IS ORDERED THAT:

1. <u>Hearing Date</u>. This cause is scheduled for an evidentiary hearing on **Wednesday, June 11, 2025 at 11:00 a.m.** in the courtroom of the Honorable Suzana Krstevski Koch, Courtroom 2A, Howard M. Metzenbaum, United States Courthouse, 201 Superior Avenue, Cleveland, Ohio 44114.

2. <u>In Person</u>. Lead counsel and all parties in interest shall be present in person.

3. <u>Witness Lists</u>. On or before **June 6, 2025**, counsel shall file with the Court, and exchange with each other, a list of all witnesses their clients intend to call at the evidentiary hearing. In addition to the full name and address of the witnesses, the parties shall provide a brief one or two-sentence synopsis of the testimony the witness is expected to offer. Example: "Testimony regarding loan balance." Or "Expert testimony regarding fair market value of real property." The parties shall also describe any special needs (i.e., primary language or disability) of a witness and suggest an appropriate accommodation.

4. <u>Exhibits Exchanged Among Counsel</u>. On or before **June 6, 2025**, counsel shall exchange with each other exhibit lists and trial exhibits. Parties must complete the physical marking and numbering of all papers and objects that may be introduced as exhibits prior to the proceedings before the Court. Parties must also mark a copy, rather than the original document, unless there is good cause for offering an original record. Original documents offered must be noted accordingly. Upon request, a party must make the original version of the exhibits available for inspection by the other parties.

Exhibits are to be marked using the following protocol:

(i) Trustee is assigned number 1-99.
Exhibits must be marked: Trustee-1 or T-1, Trustee-2 or T-2, etc.

(ii) Debtor is assigned numbers 101-199.
Exhibits must be marked: Debtor-101 or D-101, Debtor-102 or D-102, etc.

(iii) Creditors must begin with number 201. If there is more than one creditor involved in a hearing or trial, one creditor will be assigned 201-299, the next creditor will be assigned 301-399, etc. Creditors must use an acronym or word that easily identifies the litigant.
Ex: USA-201 or IRS-201, Bank-301 or US Bank-301, Smith-401, ABC Co-501.

(iv) United State Trustee's exhibits must be marked alphabetically.
Exhibits must be marked: UST-A, UST-B, etc.

25-10849-skk    Doc 85    FILED 05/30/25    ENTERED 05/31/25 00:11:45    Page 4 of 6

If exhibits exceed 99 for one or more parties, the parties must use decimals. Parties must disclose and list all exhibits relating to an issue on which their client has the burden of proof or the burden of going forward with the evidence. Documents to be used solely for rebuttal purposes or impeachment need not be numbered or listed until identified at the evidentiary hearing. If a party fails to disclose or list an exhibit required by this Order or a procedural rule, the Court will refuse to admit it into evidence unless the party shows good cause for failing to disclose the exhibit.

5. <u>Exhibits Delivered to Chambers</u>. On or by **June 6, 2025**, the parties shall deliver **three copies of their marked exhibits** to the Court (originally-marked exhibits shall be offered at trial). If a party intends to offer more than 15 exhibits, the copies of the exhibits delivered to the Court must be tabbed and bound in binders.

6. <u>Failure To Comply</u>. If a party fails to comply with the requirements of this Order, such failure may result in dismissal, default, sanctions, or other consequences the Court deems appropriate.

7. <u>Continuances</u>. No party shall be granted a continuance of a trial or evidentiary hearing without first filing and serving a written motion stating the reason for the continuance.

## Show Cause Order

On May 26, 2025, the same day PSOF NP filed its Motion to Appoint Trustee, counsel for Debtor filed a Motion to Withdraw as Attorney ("Motion to Withdraw") ECF No. 78. The Court held a status conference on the Motion to Appoint Trustee and Motion to Withdraw on May 27, 2025. At the status conference, in addition to scheduling the evidentiary hearing, the Court reviewed the consequences of the Motion to Withdraw with Debtor's principals, including potential dismissal of the case if Debtor did not have counsel in the event the Motion to Withdraw is granted. Thus, Debtor has until June 11, 2025 at 11:00 a.m. to retain new counsel

3

25-10849-skk    Doc 85    FILED 05/30/25    ENTERED 05/31/25 00:11:45    Page 5 of 6

A corporate debtor involved in proceedings before a court must be represented by licensed counsel and may not appear *pro se*. *See Osborn, et al., v. Bank of U.S.*, 22 U.S. 738, 724 (1824); *see also Lea v. Tracy Langston Ford, Inc.*, No. 19-5706, 2019 WL 9171095, at *2 (6th Cir. Dec. 30, 2019) (*citing Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-03 (1993) ("A corporation, partnership, or association may appear in federal courts only through licensed counsel and not through the *pro se* representation of an officer, agent, or shareholder.")). Additionally, the Sixth Circuit has "consistently interpreted [28 U.S.C.] § 1654 as prohibiting *pro se* litigants from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). In other words, a limited liability company must be represented by counsel to participate in litigation in federal court. *See Wise Man Brewing, LLC v. Three Bridges Distillery*, No. 22-1455, 2022 WL 19920638, at *1 (6th Cir. Dec. 5, 2022) (dismissing a limited liability company's action because it was unrepresented); *Bakari Logistics, LLC v. Progressive Cas. Ins. Co.*, No. 1:23-CV-02199, 2024 WL 310089, at *1 (N.D. Ohio Jan. 26, 2024) (same).

Debtor's principals, who were present at the May 27, 2025 status conference, acknowledged that they understood that the June 11, 2025 hearing will go forward, either as an evidentiary hearing on the Motion to Appoint Trustee, or as a show cause hearing on why the case should not be dismissed for failure to have new counsel. The Court re-empathizes, as it did at the May 27, 2025 status conference, that the evidentiary hearing date will move forward on the Motion to Appoint Trustee. Therefore, if Debtor does not have new counsel on **Wednesday, June 11, 2025 at 11:00 a.m.**, the Court will hold a show cause hearing at that time on why the case should not be dismissed for failure to have new counsel.

IT IS SO ORDERED.

###